IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv552-WKW |
| ) | [WO] |
| KARLA JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Bernard Miller ("Miller") is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his confinement in state prison. Doc. No. 1.[1]

### I. BACKGROUND

#### A. *Coffee County Case No. CC-2010-118*

The record reflects the following proceedings pertinent to Miller's petition. On November 6, 2012, in Case No. CC-2010-118, Miller pleaded guilty in the Coffee County Circuit Court to the offense of unlawful distribution of a controlled substance. Doc. No. 13-1 at 3. On January 3, 2013, the trial court sentenced Miller as a habitual offender to 15 years in prison. *Id*. The sentence was suspended, with Miller placed on three years' probation. *Id*. at 4.

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

In April 2015, probation revocation proceedings were initiated against Miller based on allegations that he violated the terms of his probation by committing a new criminal offense, specifically, theft of property in the second degree. Doc. No. 13-1 at 7–8. Miller was arrested and placed in the Coffee County Jail. A revocation hearing was later held, at which Miller was represented by counsel. *Id.* at 8–9. On October 7, 2015, the trial court entered an order revoking Miller's probation and ordering that he serve the balance of his 15-year sentence. *Id.*

### B.   *Coffee County Case No. CC-2015-188*

The acts underlying Miller's probation revocation in Case No. CC-2010-118 resulted in his indictment in Coffee County Case No. CC-2015-188 on charges of second-degree theft of property. Doc. No. 13-1 at 10. On October 17, 2015, Miller pleaded guilty to the property theft charge. *Id.* at 10 & 16. On that same date, the trial court sentenced Miller to 84 months in prison, the term to run concurrently with "any and all other sentence(s) the defendant is serving including . . . CC-2010-118." *Id.* at 11.

On October 26, 2015, while he was held in the Coffee County Jail and before he was transported to state prison, Miller requested placement in a community corrections program. Doc. No. 6-2 at 1–3. On November 13, 2015, the trial court entered an order in Case No. CC-2015-188 (the property theft case) stating that Miller could enter a community corrections program in Dale County "upon compliance with the requirements

of the program and the Alabama Community Punishment and Corrections Act."[2]  *Id*. at 5.  On November 16, 2015, Miller was released from the Coffee County Jail and started participating in the community corrections program in Dale County.  Doc. No. 13-1 at 1.

On January 6, 2016, officers with the Enterprise Police Department arrested Miller on new controlled substance charges and placed him in the Coffee County Jail.  As a consequence, the trial court ordered Miller's arrest in Case No. CC-2015-188 based on his violation of the terms of his community-corrections sentence by committing a new criminal offense.  Doc. No. 6-3.  The trial court directed that Miller's participation in the community corrections program be "tolled" and "commanded [law enforcement officials] to arrest said defendant and detain him in the County Jail until he can be brought before the Court for a hearing to show cause why his participation in Community Corrections should not be terminated."  *Id*.

On January 21, 2016, Miller was transported from the Coffee County Jail to Kilby Correctional Facility, and on February 22, 2016, he was transported from Kilby back to the Coffee County Jail for a preliminary hearing on the new controlled substance charge.  Doc. No. 1-1 at 2.  After the preliminary hearing, Miller was brought before the trial court for a community-corrections revocation hearing, but the trial court continued the revocation hearing to a later date; Miller was then transported back to Kilby.  *Id*.  On March 11, 2016,

---

[2] *See* § 15-18-170 et seq., Ala. Code 1975.  Section 15-18-172 of the Community Punishment and Corrections Act allows for placement of a defendant in a community corrections program in another county in some circumstances.  § 15-18-172(d), Ala. Code 1975.  Miller was assigned to the community corrections program in Dale County because Coffee County did not have such a program.  *See* Doc. No. 6-2 at 5.

Miller was transported to Ventress Correctional Facility, where he was incarcerated when he filed the instant § 2254 petition on June 30, 2016. *Id.*

## II. DISCUSSION

Miller claims that his confinement in state prison is unconstitutional because the trial court held no revocation hearing on his community-corrections sentence before he was returned to the state penitentiary. Doc. No. 1. He argues that his placement in the community corrections program in November 2015 in Case No. CC-2015-188 "overrode" the trial court's October 7, 2015 probation revocation order that he serve the balance of his 15-year sentence in Case No. CC-2010-118. Doc. No. 10 at 4–5; Doc. No. 15 at 3.

Miller's argument notwithstanding, nothing in the record establishes that Miller's placement in the community corrections program in Case No. CC-2015-188 overrode the trial court's order that he serve the balance of his 15-year sentence in Case No. CC-2010-118 upon revocation of his probation in the earlier case. The only case referenced in Miller's request for placement in a community corrections program was Case No. CC-2015-188, *see* Doc. No. 6-2 at 1–3, just as the only case referenced in the trial court's orders authorizing Miller's placement in the community corrections program was Case No. CC-2015-188, *see* Doc. No. 6-2 at 4–5. Nowhere in the record is there evidence establishing that the trial court's October 7, 2015 revocation order that Miller serve the balance of his sentence in Case No. CC-2010-118 was superseded by the court's authorization of his placement in community corrections in Case No. CC-2015-188, or that the court's authorization of a community-corrections sentence in Case No. CC-2015-188 applied to Miller's sentence in Case No. CC-2010-118.

4

This court cannot conclude, other than by mere speculation, that the trial court's authorization of Miller's placement in community corrections in Case No. CC-2015-188 overrode the court's revocation order that Miller serve the balance of his 15-year sentence in Case No. CC-2010-118, or that the trial court's authorization of Miller's placement in community corrections applied to his sentences in both cases. Miller fails to show that the lack of a revocation hearing on his community-corrections sentence in Case No. CC-2015-188 resulted in his incarceration in the state penitentiary under his sentence in Case No. CC-2010-118. Therefore, he fails to show that, when he filed his § 2254 petition, he was in custody under a state court judgment in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a).

Further, Miller failed to exhaust his state court remedies regarding his claim that he was unlawfully returned to the state penitentiary without a revocation hearing on his community-corrections sentence. He filed no state habeas corpus petition under § 15-21-1 et seq., Ala. Code 1975,[3] alleging that his confinement in state prison was unconstitutional, and he pursued no claim in the state appellate courts arguing that his community-corrections sentence was effectively revoked without a revocation hearing.

---

[3] Section 15-21-1 provides:

> Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever, except persons committed or detained by virtue of process issued by a court of the United States or by a judge thereof in cases of which such courts have exclusive jurisdiction under the laws of the United States or have acquired exclusive jurisdiction by the commencement of actions in such courts, may prosecute a writ of habeas corpus according to the provisions of this chapter to inquire into the cause of such imprisonment or restraint.

§ 15-21-1, Ala. Code 1975.

Nor did he file a petition for writ of mandamus under Rule 21(a) of the Alabama Rule of Criminal Procedure seeking to compel the trial court to hold a revocation hearing on his community-corrections sentence.  Before a habeas petitioner can seek relief in federal court, he must exhaust remedies available to him in state court.  A claim is not deemed exhausted as long as a petitioner has a right under the law of the state to raise by any available procedure the question presented.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

Finally, and most significantly, the record reflects that Miller is no longer in custody in state prison.  Thus, events have transpired since the filing of Miller's § 2254 petition that have rendered his claim for relief moot.  The relief Miller sought in filing his § 2254 petition was release from state prison and placement in the county jail pending a revocation hearing on his community-corrections sentence, which he argued applied to both Case No. CC-2015-188 and Case No. CC-2010-118.  *See* Doc. No. 1-1 at 2–3; Doc. No. 15 at 9.  The best-case scenario for Miller, were he to obtain such relief, was a subsequent determination by the trial court that his community-corrections sentence should not be revoked and that he should remain in the community corrections program instead of returning to state prison to serve his sentence in both Case No. CC-2015-188 and Case No. CC-2010-118 (assuming Miller is correct in claiming that the community-corrections sentence applied as well to the 15-year sentence reinstated in Case No. CC-2010-118).  However, because Miller is no longer in custody in state prison, the issues presented by his § 2254 petition are no longer live.  A favorable decision on the merits of his claim would not entitle him to any additional relief.

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *See Weinstein v. Bradford*, 423 U.S. 147 (1975); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984). Because Miller has been released from state prison, there is no longer a controversy to litigate through his § 2254 petition. Therefore, his petition should be dismissed as moot.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief be DISMISSED AS MOOT since a more favorable decision on the merits would not entitle Miller to any additional relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before July 19, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 5th day of July, 2018.

               /s/   Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                CHIEF UNITED STATES MAGISTRATE JUDGE